UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

FRANK SWEET,

    Plaintiff,

-vs-

EMPIRE AUTO SOLUTIONS, LLC, *et. al.*,

    Defendants.

Case No. 2: 17-CV-13699-RHC-APP
Hon. Robert H. Cleland
Magistrate Judge: Anthony P. Patti

## **STIPULATED PROTECTIVE ORDER**

It appears that discovery and production of documents by Plaintiff from Third Party, j2 Web Services, may be the proper subject of a protective order under Fed.R.Civ.P. 26(c), and that each would likely seek protection for information to be produced in discovery. To assist in the timely completion of discovery without undue delay or unnecessary motion practice, the Plaintiff by and through his respective attorneys and Third Party, j2 Web Services, through its counsel, hereby enter into and file this Protective Order regarding confidentiality pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Michigan.

1. **<u>Agreement of Adequate Protections within this Order.</u>**

Plaintiff and j2 Web Services anticipate that production of responsive documents could be delayed by objections, including but not limited to objections based upon:

- The privacy of information of parties as well as third parties, and any statutory and regulatory requirements associated with disclosure of that information;
- The trade secret status of the requested material; and,
- Protections which may be afforded by the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6901.

Consequently, Plaintiff and j2 Web Services have agreed to this order so that they can establish protections within the discovery process to avoid the withholding of documents based upon these objections.

Plaintiff and j2 Web Services acknowledge that the protections set forth in this protective order are reasonable and sufficient to insure against misuse of any such information within this litigation. Except for objections based upon privilege, not addressed by this Order, Plaintiff and j2 Web Services agree that they will not withhold any information, documents or data responsive to written discovery or deposition questions, based upon an assertion of the need for additional protection greater than that afforded by this Order.

Plaintiff and j2 Web Services agree if any Party to this Order believes that material requested requires additional protection, that Party will timely move for an Order providing such additional protection, in accordance with the procedure outlined in Paragraph 5 of this Order and Rule 26(c).

The Court may modify this this Order on its own initiative or at the request of any person with standing to do so. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

2. **Scope.**

Confidential Information as used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing Party, j2 Web Services, that falls within one or more of the following categories:

- ✓ Information prohibited from disclosure by law;
- ✓ Call Data Records;
- ✓ Any Personally Identifiable Information (PII); and
- ✓ Personal Identity Information.

Information or documents that are available to the public may not be designated as Confidential Information.

**3.      Use of Information Designated as Confidential.**

Any information which is protected as confidential may not be used outside this case and may only be used in this litigation.   This information may only be disclosed to:

- ➢ Attorneys appearing in this case and attorneys within that attorney's firm.
- ➢ Parties.
- ➢ Staff, office personnel, consulting attorneys, and consulting experts associated with the attorneys appearing in this case.
- ➢ Consultants, investigators or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action.
- ➢ Contractors specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents.
- ➢ Witnesses.
- ➢ Deponents.
- ➢ The Court and its personnel including any jury in this case.

> ➢ Court reporters engaged to transcribe the proceedings or discovery in this case.

> ➢ Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

Each person -- excepting the Court and its personnel -- who receives material subject to the protections of this order shall be given a copy of this order prior to receiving the materials and execute a copy of the acknowledgment attached Exhibit A to this order.  No person apart from counsel who have appeared on the record for the parties to this matter may be provided with any material designated as "**CONFIDENTIAL**" unless that person has executed that acknowledgment.

### 4. <u>Designation of Confidentiality.</u>

j2 Web Services may - acting in good faith - designate a document responsive to Plaintiff's discovery requests as "CONFIDENTIAL" for protection under this Order by producing the information and affixing a stamp conspicuously designating the information as "CONFIDENTIAL."   Any Confidential Material produced must be segregated from the materials not subject to this order.   The marking "CONFIDENTIAL" shall be applied prior to or at the time of the documents are produced or disclosed.   Applying the marking "CONFIDENTIAL" to a document

does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

As to any materials produced electronically, j2 Web Services shall make the designation by inserting a text-searchable stamp on the footer of each page on which Confidential Materials appear.

**5.     Certification.**

The designation of a document as "CONFIDENTIAL" is a certification by an attorney for j2 Web Services that the document contains CONFIDENTIAL information as defined in this Order.

**6.     Protection of Information Designated as Confidential.**

Any information designated as "CONFIDENTIAL" shall be protected under the terms of this Order. The materials will cease to be protected as "CONFIDENTIAL" also subject to the terms of this order, and at such time the information may be used in any fashion consistent with other materials obtained through discovery.

**7.     Objections to the Designation of Confidentiality.**

The designation of any material or document as **"CONFIDENTIAL"** is subject to challenge by Plaintiff.   The following procedure shall apply to any such challenge:

a) Plaintiff challenging the designation of "CONFIDENTIAL" must do so in good faith and must begin the process by tendering a written challenge to counsel for j2 Web Services.  Plaintiff must explain the basis for its belief that the confidentiality designation was not proper and must give j2 Web Services an opportunity to review the designated material, to reconsider designation, and, if no change in designation is offered, to explain the basis for the designation.

b) j2 Web Services must respond to the challenge within five (5) business days.

c) If Plaintiff and j2 Web Services cannot resolve the objections to the designation, j2 Web Services shall move within 21 days of receiving the challenge, for a protective order under Rule 26(c).  The failure to move for a protective order within that 21-day period waives the designation.

d) Plaintiff and j2 Web Services shall treat any documents or other materials that have been designated "**CONFIDENTIAL**" as confidential until such time as the Court rules that such materials should not be treated as confidential or j2 Web Services waives confidentiality.

**8. <u>Use of Confidential Materials in Filings and At Trial.</u>**

Information protected as confidential submitted in connection with a dispositive motion or at trial pursuant to this Order is subject to the following limitations.

**A. <u>In Dispositive Motion Practice</u>**

Plaintiff may use any information that is protected as confidential pursuant to this Order in connection with a dispositive motion but must file that dispositive motion and accompanying exhibits under seal pursuant to the terms of the Local Rules and the procedure in this subsection (A) applies.

**i. <u>Motion to Seal</u>**

Plaintiff shall notify j2 Web Services, through its undersigned counsel, within one business day of filing of any confidential materials pursuant to this Order. j2 Web Services seeking to maintain the dispositive motion and document as sealed must file a motion within 30 days to maintain the document under seal. If j2 Web Services files such a motion to maintain the record under seal, then the dispositive motion and exhibits will remain under seal until such time as the Court rules on that motion to seal.

**ii. <u>Waiver</u>**

If no motion to seal is timely filed, Plaintiff and j2 Web Services agree to entry

of the attached Stipulated Order, attached as Exhibit B, that the dispositive motion and exhibits are released from the seal.  Plaintiff in filing such an order need not seek any further concurrence for the filing.  In this event, the dispositive motion and exhibits become part of the public record and cease to be confidential.

**B.     At Trial**

Plaintiff may use any information designated as confidential as an exhibit in connection with trial, and the procedure in this subsection (B) applies.

Plaintiff seeking to use information designated as confidential must identify that information in the Joint Final Pretrial Report unless such information is only offered on rebuttal.  Plaintiff shall notify j2 Web Services, through its undersigned counsel upon filing of the Joint Final Pretrial Report.  j2 Web Services seeking to maintain any such information that has been identified in the Joint Final Pretrial Report as confidential, must move prior to trial to place the document under seal.

If information designated as confidential is offered at trial on rebuttal, j2 Web Services seeking to maintain the information as confidential must tender a contemporaneous motion to the Court.

If j2 Web Services makes a timely motion to seal the record, then the exhibit will remain under seal until the Court rules on the motion.  If no motion to seal is timely filed, the exhibit becomes part of the public record upon its admission into

evidence.

9. **Use of Confidential Materials in Non-Dispositive Motions.**

A party may use any information which is protected as confidential in connection with a non-dispositive motion by filing that motion and all accompanying exhibits under seal. Such documents will remain under seal pursuant to this Order unless otherwise ordered by the Court.

10. **Other Litigation.**

If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information,

The receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

11. **Right to Challenge.**

A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

12. **Disposition of Materials Designated as Confidential.**

Each of the appeared attorneys may retain a single copy of any "CONFIDENTIAL" material for their permanent file.

Upon written request by the producing party, provided it is tendered within ten (10) calendar days after the final disposition of this action, each receiving party must destroy or return all material designated "CONFIDENTIAL" to the producing party within sixty (60) calendar days after receiving the written request. Further, the producing party must serve a log identifying each "CONFIDENTIAL" document produced using a bates number for reference.

### 13. Jurisdiction of the Court.

The Court will retain jurisdiction over the parties for purposes of enforcement or modification of this order.

**SO ORDERED**

                                         S/Robert H. Cleland
                                         ROBERT H. CLELAND
                                         UNITED STATES DISTRICT JUDGE

Dated:  May 10, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 10, 2018, by electronic and/or ordinary mail.

                                         S/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (810) 292-6522

Stipulated to by:

s/ Sylvia S. Bolos
Sylvia S. Bolos P78715
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorneys for Frank Sweet
24500 Northwestern Hwy, Ste 206
Southfield, MI 48075
PH: (248) 208-8864
SylviaB@MichiganConsumerLaw.com


s/ Robert B. Taylor (by consent)
Robert B. Taylor
Attorney for j2 Web Services, LLC
6922 Hollywood Blvd.
Los Angeles, CA 90028
PH: (323) 860-9200
robert.taylor@j2.com

# Exhibit A

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

FRANK SWEET,

    Plaintiff,

-vs-

EMPIRE AUTO SOLUTIONS, LLC, *et. al.*,

    Defendants.

Case No. 2: 17-CV-13699-RHC-APP
Hon. Robert H. Cleland
Magistrate Judge: Anthony P. Patti

**Acknowledgment of Receipt of Interim Protective Order Governing Assertions of Confidentiality and Trade Secret Status**

I _____ (Print Name) acknowledge that I have read and that I understand the **Protective Order** entered in this action and agree to abide by its terms and conditions.   As a condition to access by me to documents designated by the parties to this action as "CONFIDENTIAL," I agree to submit to the jurisdiction of the United States District Court for EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION in connection with any alleged breach by me of that order.

_____(Signature)

_____ (Print Name)

Exhibit B

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

FRANK SWEET,

    Plaintiff,

 -vs-

EMPIRE AUTO SOLUTIONS, LLC,
*et. al.*,

    Defendants.

Case No. 2: 17-CV-13699-RHC-APP
Hon. Robert H. Cleland
Magistrate Judge: Anthony P. Patti

## **STIPULATED ORDER TO UNSEAL RECORD**

Having been advised by the stipulation of the parties below, it is ordered that the Motion filed on _____ by _____, identified as docket entry [R.\_\_\_\_\_] and all accompanying exhibits are hereby released from seal, become part of the public record, and cease to be confidential.

 

_____
Hon.  Robert H. Cleland,
United States District Court Judge

Entered at_____ on _____

Stipulated to by:

s/ Sylvia S. Bolos
Sylvia S. Bolos P78715
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorneys for Frank Sweet
24500 Northwestern Hwy, Ste 206
Southfield, MI 48075
PH: (248) 208-8864
SylviaB@MichiganConsumerLaw.com

s/ Robert B. Taylor (by consent)
Robert B. Taylor
Attorney for j2 Web Services, LLC
6922 Hollywood Blvd.
Los Angeles, CA 90028
PH: (323) 860-9200
robert.taylor@j2.com