UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

FRANK SWEET,

    Plaintiff,

 -vs-                                           Case No. 2:17-CV-13699-RHC-APP
                                                     Hon. Robert H. Cleland
                                                     Magistrate Judge: Anthony P. Patti

EMPIRE AUTO
SOLUTIONS, LLC, *et. al.*

    Defendants.

## **MOTION FOR LEAVE TO AMEND COMPLAINT**

For the reasons set forth in the accompanying brief in support, Plaintiff requests that this Court allow leave to file an amended complaint (attached as Exhibit 1 to this motion).

                                                 Respectfully Submitted,

                                               By:   <u>s/ Sylvia S. Bolos</u>
                                             Sylvia S. Bolos P78337
                                             LYNGKLIP & ASSOCIATES
                                             CONSUMER LAW CENTER, PLC
                                             Attorney for Frank Sweet
                                             24500 Northwestern Highway, Ste. 206
                                             Southfield, MI 48075
                                             (248) 208-8864
                                             SylviaB@MichiganConsumerLaw.com

Dated: March 14, 2019

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

FRANK SWEET,

    Plaintiff,

 -vs-                                Case No. 2:17-CV-13699-RHC-APP
                                     Hon. Robert H. Cleland
                                     Magistrate Judge: Anthony P. Patti

EMPIRE AUTO
SOLUTIONS, LLC, *et. al.*

    Defendants.

## BRIEF IN SUPPORT OF
## MOTION FOR LEAVE TO AMEND COMPLAINT

### Issue Presented by Motion

*Should the court grant leave to amend the complaint where the amendment would cause no conceivable prejudice to the defendant and where the served Parties have refused to answer.*

### Principal Authorities Relied Upon

F. R. Civ. P. 15(a)

*Foman v. Davis*, 371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)

*Duggins v. Steak ' N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).

*Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999)

*Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000).

*Security Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995)

*United States ex rel American Textile Mfrs. Inst., Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 550 (S.D. Ohio 1998), aff'd. 190 F.3d 729 (6th Cir. 1999).

*Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)

*Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 519 (6th Cir. 2001)

## **Facts**

Frank Sweet ("Mr. Sweet" or "Plaintiff") seeks leave to amend the complaint to add new parties to the lawsuit. To date, Mr. Sweet has served Ruben Gutierrez, Charles Butler, and Empire Auto Solutions, LLC (collectively, "Served Defendants"). (R.8, R.4, R.7.) Mr. Sweet has also dismissed unserved Defendants, Brittany Ray and Sherry Doe. (R.13.) The Served Defendants spoke to California Attorney, Tony M. Lu, after service. Mr. Lu represented to Plaintiff's Counsel that he has not been retained in this matter, was not going to represent them, and was not admitted to practice law in the Eastern District of Michigan.

To date, the Served Defendants have not answered the complaint or otherwise moved. Concurrence was not sought. That being said, the Served Defendants will not be prejudiced in any way by the amendment to add new parties, James Silva Gutierrez, Vanessa Gutierrez, and Origin Warranty, LLC.

## **Standard for Leave to Amend**

Under the Federal Rules, leave to amend should be freely granted. In specific, F.R.Civ. P. Rule 15(a) directs the court to allow the amendment when justice so requires:

> "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

F.R.Civ. P. Rule 15(a). This rule has been further explained by the Supreme Court in *Foman v. Davis*, 371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962), where the court the advised that only a limited set of improper reasons for the amendment should be the basis of a denial of leave to amend:

> . . . if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim of the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave

sought should, as the rules require, be "freely given.

*Foman*, 371 U.S. 178 at 182. Thus, leave to file an amended complaint should be freely given, and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 519 (6th Cir. 2001); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)), cert. denied, 120 S. Ct. 1423 (2000). Further, delay alone does not justify denial of the motion to amend. *Security Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995). And, before denying such a motion, a court must find at least some significant showing of prejudice to the opponent. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). And as a general proposition, the Sixth Circuit is 'very liberal' in permitting amendments. *United States ex rel American Textile Mfrs. Inst., Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 550 (S.D. Ohio 1998), aff'd. 190 F.3d 729 (6th Cir. 1999).

## Analysis

In this case, the Served Defendants have not answered or otherwise moved. On March 8, 2018 the Court granted Mr. Sweet leave to conduct discovery (R.16), which he has diligently pursued. That discovery has established that James Silva Gutierrez, Vanessa Gutierrez, and Origin Warranty, LLC share in the responsibility,

along with the Served Defendants, for Mr. Sweet's damages. Accordingly, Mr. Sweet must amend the complaint to name those Defendants to bring their conduct before the Court. The amended complaint sets forth additional facts supporting the basis for adding these Parties as well as further bolsters Mr. Sweet's claims in the first place.

This amendment comes at a time which is early enough in the proceedings that there is no conceivable prejudice which could arise from the filing of the amended complaint. At the same time, the Federal Rules provide that leave to amend should be liberally granted. Under the facts in this case, there is no basis in law or fact to reject the proposed amended complaint. For these reasons, Mr. Sweet requests that the Court grant him leave to file the attached complaint.[1]

                                                Respectfully Submitted,

                                                By:   s/ Sylvia S. Bolos
                                                Sylvia S. Bolos P78337
                                                LYNGKLIP & ASSOCIATES
                                                CONSUMER LAW CENTER, PLC
                                                Attorney for Frank Sweet
                                                24500 Northwestern Highway, Ste. 206
                                                Southfield, MI 48075
                                                (248) 208-8864
                                                SylviaB@MichiganConsumerLaw.com

Dated: March 14, 2019

---

[1] Exhibit 1.

## Certificate of Service

I certify that on March 14, 2019, I served this document on the following parties by the means indicated:

| Party | Manner |
|---|---|
| Charles T. Butler<br>8786 Vinmar Avenue<br>Rancho Cucamonga, CA 91730 | US First Class Mail |
| Ruben Gutierrez<br>1133 South Nantes Avenue<br>Hacienda Heights, CA 91745 | US First Class Mail |
| Empire Auto Solutions, LLC<br>C/O Ruben Gutierrez<br>1133 South Nantes Avenue<br>Hacienda Heights, CA 91745 | US First Class Mail |

Respectfully Submitted,

By:   s/ Sylvia S. Bolos
Sylvia S. Bolos P78337
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney for Frank Sweet
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
SylviaB@MichiganConsumerLaw.com

Dated: March 14, 2019