UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION


FRANK SWEET
     Plaintiff,


  -vs-                                      Case No. 2:17-cv-13699
                                               Hon. Robert H. Cleland
                                               Magistrate Judge: Anthony P. Patti


EMPIRE AUTO SOLUTIONS, LLC,
        *d/b/a Empire Consumer Services*
ORIGIN WARRANTY, LLC
VANESSA GUTIERREZ
        *a/k/a Vanessa Esparza*
JAMES SILVA GUTIERREZ,
        *d/b/a AutoTelGroup*
                *MVPGuaranty*
                *MVProtection*
                *MVPGuarantee, and*
                *AFundCo*
RUBEN GUTIERREZ, and
CHARLES T. BUTLER,
        Defendants.


## **FIRST AMENDED COMPLAINT & JURY DEMAND**

*Frank Sweet states the following claims for relief:*

## **Jurisdiction**

1.    This Court has jurisdiction under the Telephone Consumer Protection Act

("TCPA), 47 U.S.C. § 227 and 28 U.S.C. §§ 1331, 1337.

2.    This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## Parties

3.    The Plaintiff to this lawsuit is Frank Sweet ("Mr. Sweet") who resides in West Bloomfield, Michigan 48323.

4.    The Defendants to this lawsuit are as follows:

a.    Empire Auto Solutions, LLC, which does business as Empire Consumer Services, ("Empire Auto") and which is a California Limited Liability corporation doing business in Michigan and registers the following address with the State of California: 558 N. Towne Ave, Pomona CA 91767.   Empire Auto's registered agent, Ruben Gutierrez, accepts service at the following address: 558 N. Towne Ave, Pomona CA 91767.

b.    Origin Warranty, LLC, which is a California Limited Liability corporation doing business in Michigan and registers the following address with the State of California: 14960 Clark Ave., Hacienda Heights, CA 91745. Origin Warranty identifies LegalZoom.com, Inc as its registered agent for service of process.

2

c.  Vanessa Gutierrez, also known as Vanessa Esparza, is the Manager and/or Member of Origin Warranty, LLC.

d.  James Silva Gutierrez [1] does business as AutoTelGroup; MVPGuaranty; MVProtection; MVPGuarantee; and AFundCo, at minimum. He has established and is the owner/operator of websites for all of these entities.

e.  Ruben Gutierrez is a co-founder, manager, and/or officer of Empire Auto.

f.  Charles T. Butler[2] ("Mr. Butler") is a co-founder, manager, and/or officer of Empire Auto. He has established and is the owner/operator of websites for Empire Consumer Services and Empire Auto Solutions.

## Venue

5.  The transactions and occurrences which give rise to this action occurred in West Bloomfield, Michigan.

6.  Mr. Sweet resides in Oakland County, Michigan.

---

[1] See Tygro, LLC v James Gutierrez, Case Number 18PSCV00008 ("James Gutierrez holds himself out as the owner of a 'full service marketing company focusing on lead generation strategies,' and purports to dba AutoTel Group.")

[2] Mr. Butler authored the article *We're All Holding On To Our Vehicles Longer*, that was published to one of the Empire websites, www.empireautosolutions.com, regarding auto repair coverage.   (See Docket # 1-3).

3

7.     Venue is proper in the Eastern District of Michigan as the conduct and events giving rise to Plaintiff's claims arose in substantial part in this District.

8.     Defendants have placed multiple unsolicited phone calls to Plaintiff in Michigan on his cellular phone with a Michigan area code.

9.     Defendants spoofed their phone numbers to give consumers the impression that the calls were originating from a local area code.

10.    Defendants' prerecorded messages and voicemails to Plaintiff were to solicit auto warranty sales, or otherwise known as Vehicle Service Contracts ("VSCs") for a vehicle in Michigan that would allegedly be serviced in Michigan if the VSC were purchased and if Plaintiff would have a future claim for service to be performed.

## Defendant's Common Law Joint Venture

11.    Both limited liability entities, Empire Auto Solutions, LLC ("Empire Auto") and Origin Warranty, LLC ("Origin Warranty") are organized in California.

12.    Empire Auto is organized as a California limited liability corporation for the purpose of selling vehicle service contracts. (See Docket # 1-2 – *California Statement of Information*)

13.    Ruben Gutierrez and Charles Butler are Managers and/or Members of Empire Auto.  *Id.*

4

14.  Origin Warranty is organized as a California limited liability corporation and is in the Sales/Marketing business. (Exhibit 2 -- *California Statement of Information*).

15.  Vanessa Gutierrez, also known as Vanessa Esparza, is the Manager and/or Member of Origin Warranty. *Id*.

16.  James Gutierrez, along with Vanessa Gutierrez, Ruben Gutierrez and Charles Butler operate a common law joint venture.

17.  In furtherance of that joint venture, they jointly operate several entities including Empire Auto Solutions, LLC and Origin Warranty, LLC.

18.  In furtherance of that joint venture, they jointly do business as Empire Consumer Services, AutoTelGroup, MVPGuaranty, MVProtection, MVPGuarantee, and AfundCo.

19.  James Gutierrez, Vanessa Gutierrez, Ruben Gutierrez, Charles Butler, Empire Auto Solutions, LLC, and Origin Warranty, LLC (collectively, "Defendants") use an Automatic Telephone Dialing System to call consumers to sell auto warranties, vehicle service contracts, home security systems, and the like.

20.  Defendants repeatedly call consumer cell phones through the use of an Automatic Telephone Dialing System ("ATDS"), without consent, and deploy a prerecorded message without consent.

21. Defendants' advertising is even more pervasive because Defendants fail to, at minimum, scrub out consumer phone numbers registered on the National Do Not Call Registry.

22. Further, even when consumers revoke consent, Defendants fail to remove those phone numbers from their Automatic Telephone Dialing System and continue to call those consumers.

23. In furtherance of their common law joint venture, James Gutierrez, Vanessa Gutierrez, Ruben Gutierrez, and Charles Butler jointly,

   a. Own/Manage/Operate an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2);

   b. Designed and drafted the procedures and tactics to sell their various products and services, including auto warranties, vehicle service contracts, home security systems, and the like;

   c. Oversee telephone sales activity and control the day-to-day operations;

   d. Indirectly engage in sales calls using the instrumentalities of interstate commerce and an ATDS to deliver prerecorded messages to consumers.

24. Ms. Ray is an employee and/or agent of Defendants.

25. Ms. Doe is an employee and/or agent of Defendants.

26.   Ms. Ray and Ms. Doe use an Automatic Telephone Dialing System to call consumers to sell auto warranties, vehicle service contracts, home security systems, and the like for the benefit of Defendants. They use the instrumentalities of interstate commerce and an ATDS to deliver prerecorded messages to consumers.

27.   Defendants conduct business through multiple websites which are primarily hosted through Internet Domain company, GoDaddy.

28.   Defendants conduct business through multiple phone numbers, including those supported by Peerless Network and Contact Center Specialists.

### Defendant's Websites

29.   Charles Butler owns GoDaddy Shopper ID 55938250 and established several websites in furtherance of the common law joint venture, including:

   a.   www.empireconsumerservices.com;

   b.   www.empireautosolutions.com;

30.   James Gutierrez owns GoDaddy Shopper ID 134884664 and established several websites in furtherance of the common law joint venture, including:

   a.   www.autotelgroup.com

   b.   www.mvpguaranty.com

   c.   www.mvprotection.com

     d.      www.mvpguarantee.com

     e.      www.originwarranty.com

     f.      www.afundco.com

31. On its website, Origin Warranty advertises to consumers vehicle "comprehensive protection at an affordable price." (Exhibit 3 -- *Origin Warranty Home Page*).

32. On its website, AFundCo advertises to consumers that it has partnered with Core Home Security, "an innovative home security company dedicated to protecting families and their homes." (Exhibit 4 -- *AFundCo The Program Page*).

33. On its BBB page, Origin Warranty states it is an Extended Warranty Contract Service Company. (Exhibit 5 -- *BBB Page for Origin Warranty*).

34. Vanessa Gutierrez identifies herself as the owner, principal, and customer contact of Origin Warranty. *Id*.

**<u>Defendant's Phone Numbers</u>**

35. Defendant's conduct their business through a variety of phone numbers.

36. They often spoof the phone number from which they are calling consumers to mislead consumers into believing the phone call is local.

37. They often play a pre-recorded message asking the consumer to return their

call to a different phone number.

38. One of the phone numbers that Defendants used to communicate with consumers, including Frank Sweet, was (248) 215-0952.

39. That phone number is supported by telecommunications carrier, Peerless Network.

40. That phone number is assigned by Peerless Network to its carrier customer, Contact Center Specialists.

41. The subscriber information maintained by Contact Center Specialists for phone number (248) 215-0952 is as follows:

   a.   Company: Auto Tel Group

   b.   Contact: James Gutierrez

   c.   Email: Jamesg@autotelgroup.com

## Consumer Complaints

42. Empire's Better Business Bureau rating is an "F" which is based on the length of time the business has been operating (2 years), 36 complaints filed against the business, failure to respond to 10 complaints filed against the business, 3 complaints filed against the business which were not resolved, and because the business has failed to resolve underlying cause(s) of a pattern of complaints.   (See Docket # 1-4 – *BBB Empire Consumer Services*).

43.    On August 30, 2017, Consumer Andrew P. filed the following complaint to

Empire's BBB Page:

I've been receiving calls periodically about an expiring warranty offer
on my car, including one that came to my voice mail this afternoon.
These calls come to my office phone, not my personal phone.   I have
answered these incoming calls in the past, and if there's actually a live
person, I have asked to be removed from their call list.   In some cases,
they hang up before I can even finish my sentence.   I finally got around
to doing a little research about the incoming phone number, X-XXX-
XXX-XXXX.   The voice in the voice mail identifies herself as
******** ***[3], and by all accounts it is clearly a scam.   The worst part
is that there seems to be no way to stop these irritating and time wasting
fraudulent intrusions.   Wish somebody could shut them down!
(See Docket # 1-5 – *BBB Empire Consumer Services Complaints*)

44.    On January 27, 2017, Consumer Chet M. filed the following complaint:

This is a complaint about unsolicited and aggressive telemarketing by
a company I have no relationship with using auto dialing equipment.
Empire Consumer Services, a company with which I have had no prior
relationship, called me several times during the month of January
presenting themselves as National Auto Processing Center, in spite of
the fact that I am on the National Do Not Call List.   Apparently they
do not scrub their calling lists against this list as required by Federal
Law which, in itself, is a crime.   The representative said they were in
New York City, but I found their address is in Pomona CA.   He refused
to give me an address or a phone number that I could call back.   He
said I could go to their web site, but the web address he gave me is not
active.   The phone number he called from was 769-235-4920 which
only takes you to a recording saying that nobody is available.
Moreover, this phone exchange is in Central Mississippi.   So they are
definitely lying about the NY address or (more probably) spoofing the

---

[3] The consumer redacted the name but given the length of characters and the
similarity of this consumers experience to that of Mr. Sweet, Plaintiff believes this
consumer is complaining about a caller by the name of Brittany Ray.

phone number in order to hide from people trying to call them back. He wanted to sell me an extended warranty on a car I no longer have. He said he could not give me their address because "unfortunately we have had people threaten us."   These people REALLY don't want you to know who or where they are so my advice is STAY AWAY!
(See Docket # 1-5 – *BBB Empire Consumer Services Complaints*)

45.   On January 18, 2017, Consumer Chandra H. filed the following complaint:

I get repeated calls asking me to renew my vehicle warranty.   The robot call transfers to an agent and the agent refuses to disclose the company name.   After repeated requests, some how he slipped the company name and disconnects immediately.   This company is fraud and I left the VM on their consumer specialist Charles B[4] asking me to stop calling.   Don't fall into this trap.
(See Docket # 1-5 – *BBB Empire Consumer Services Complaints*)

46.   On the Alerts & Actions section of the BBB Page for Empire, the following message is posted:

**Pattern of Complaints**
According to BBB files, records show that the company has a pattern of complaints concerning consumers alleging the company is robocalling consumers who are on the National Do Not Call List.   In June 2016 the BBB contacted the company in regards to our concerns about the amount and the pattern of complaints.   Company responded to pattern 7/13/16 stating they had been using an i[n]dependent marketing company who has since been terminated as of 7/1/2016. We will continue to monitor this company for the next six months to see if the pattern of complaints persists.

4/18/17 The company had informed the BBB they had discontinued this practice however the BBB is still receiving complaints concerning customers being contacted despite their presence on the DNC list.

---

[4]  Plaintiff believes "Charles B" to be "Charles Butler", co-defendant.

(See Docket # 1-6 – *BBB Empire Consumer Services Alerts & Actions*)

47.   Consumers have also reported their complaints regarding the company on various internet blogs, including 800notes.com, including an anonymous consumer on August 31, 2017 reported the following complaint about Defendants with respect to their phone number 855-999-9122[5]:

EXTENDED WARRANTY SCAM – Caller left message
This is the callback number[6] from 201-350-5741
'Hello.   This is Britney Ray.   I am calling you today in regards to your vehicle.   We have sent you final notices regarding your factory warranty.   Please call me back at your earliest convenience at 1-855-999-9122 and ask for Brittney Ray.   Thank you.'
(See Docket # 1-7 – *800notes.com 855.999.9122, Page 6*).

48.   On September 25, 2017, Consumer Miranda reported her complaint about Defendants with respect to their phone number 844-213-4104[7]:

(844) 213-4104 – Auto-recording received at 9:40AM PST.   Did not identify their company name.   Voice message: 'Hello, This is Sherry. I'm calling you today in regards to your vehicle.   We have sent you final notices concerning your factory warranty.   Please call me back at your earliest convenience at 844-213-4104.   Call me today before your vehicle no longer quali[f]ies for coverage, at (844) 213-4104, and ask for Sherry."
Phone Number was classified as 'Unknown' but came in from (503) 479-2147.
(See Docket # 1-8 – *800notes.com 844.213.4104, Page 3*).

---

[5]  Plaintiff has received an identical phone call from Brittany with this as the call-back number.   (See ¶66).
[6]  Believed to be referring to (855) 999-9122.
[7]  Plaintiff has received an identical phone call from Sherry with this as the call-back number.   (See ¶66).

49.   On September 26, 2017, Consumer Leanne filed the following complaint about Defendants with respect to their phone number 844-213-4104:

> These idiots call me at least three times a week telling me it's my final notice.   I could only hope!   One day I actually talked to a person and they wanted my info.   I said you called me, why don't you tell me? They hung up.   My car is brand new and still under the manufacturer's warranty.   This is clearly a scam and I wish this would stop.
> (See Docket # 1-8 – *800notes.com 844.213.4104, Page 3*).

50.   Consumers have filed dozens of complaints against Empire for similar TCPA violations.   (See Docket Numbers 1-4, 1-5, 1-6, 1-7, and 1-8).

51.   Phone calls to cellular devices can be intrusive, costly and are in violation of the Telephone Consumer Protection Act ("TCPA").

## Common Facts

52.   In recent years, businesses have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

53.   One of the newest forms of such bulk marketing is to advertise to consumers through the use of an Automatic Telephone Dialing System ("ATDS").

54.   An ATDS allows an entity to place several calls in a much shorter span of time to consumers, thereby, maximizing an entities productivity, solicitation success stories, and accordingly, profits.

55.   Defendants place calls to consumers using an ATDS.

56.  Defendants place these calls conveying a message with an artificial voice or prerecorded message.

57.  Defendants spoof their phone numbers to appear on consumer phones with local area codes, to deceive consumers into answering the phone calls, believing that the calls are originating from a local phone number.

58.  Defendants spoof their phone numbers to disguise their true identity so that consumers continue to answer their phone calls.

59.  Defendants also spoof their phone numbers to prevent consumers from identifying them for purposes of securing recourse, such as complaints to the BBB, to the Michigan Attorney General, and the pursuit of litigation.

60.  Plaintiff's claims arise under the TCPA, a federal statute enacted to prohibit unreasonable invasions of privacy via certain telephone practices.

61.  It is a violation of the TCPA to initiate any telephone call to a person's cellular telephone using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.   47 U.S.C. § 227(b)(1)(B).

62.  Under the TCPA, as interpreted by the Federal Communications Commission, a person or entity can be liable for calls made on its behalf even if that person or entity did not directly place those calls.

63.  The Federal Communications Commission has explained that its rules

generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order*, 10 FCC Rcd. 12391, 12397, Paragraph 13 (1995).

64. In 2005, the FCC reiterated that a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules and calls placed by a third party on behalf of that company are treated as if the company itself placed the call. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of State Farm. Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, Declaratory Ruling*, 20 FCC Rc. 13664, 13667 Paragraph 7 (2005).

65. Accordingly, an entity can be liable under the TCPA for a call made on its behalf even if the entity did not directly place the call. Under those circumstances, the entity is properly deemed to have initiated the call through the person or entity that actually placed the call.

66. The phone calls at issue in this case were made by or for Defendants' benefit. Because these calls were made on Defendants' behalf, it is legally responsible to ensure that such calls are compliant with applicable law, including the

TCPA, even if Defendants did not themselves physically dial the call.

67. Plaintiff brings this complaint against Defendants, to halt Defendants' practice of making unsolicited and autodialed phone calls to his cellular phone and to obtain redress for his injuries by their conduct.

68. By placing the phone calls at issue in this complaint, Defendants have caused Plaintiff actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited phone calls, and the monies paid to his wireless carrier for the receipt of such phone calls to his cellular phone.

69. In response to Defendants' unlawful conduct, Plaintiff files this lawsuit and seeks an injunction requiring Defendants to cease all unsolicited phone calling activities and an award of statutory damages under the TCPA.

## Factual Allegations Relating to Mr. Sweet

70. Mr. Sweet maintains a cellular phone in order to maintain personal contacts with family, friends, and as a device through which he can seek emergency help.

71. The service for his cellular phone is via a "cellular telephone service" as described by 47 U.S.C. § 227(b)(1)(A)(iii).

72. Plaintiff has been on the Federal Do Not Call Registry since 2004.

73. In or around January 2016, Defendants began calling Plaintiff on his cellular

phone.

74.  Over a period of nearly two years, Defendants have called Plaintiff on a weekly basis, sometimes multiple times a week.

75.  Defendants have called Plaintiff from multiple phone numbers an estimated 100 times.

76.  Defendants have called Plaintiff from phone number (248) 215-0952 no less than 30 times.

77.  Defendants have called Plaintiff from various phone numbers, on or about the following dates, May 5, 2017; July 7, 2017; July 14, 2017; July 18, 2017; August 25, 2017; September 28, 2017; October 3, 2017; October 4, 2017; October 5, 2017; October 6, 2017; October 9, 2017; October 10, 2017; October 11, 2017; and October 30, 2017.[8]

78.  Defendants have called Plaintiff from phone number (248) 215-0952 on the following dates, July 13, 2017, July 18, 2017, July 26, 2017, November 15, 2017, November 16, 2017, November 21, 2017, December 8, 2017, December 14, 2017, December 16, 2017, December 27, 2017, January 4, 2018, January 5, 2018, January 8, 2018, February 21, 2018, February 22, 2018, March 6,

---

[8] This is not an all-inclusive list.

2018, and March 12, 2018.[9]

79.    Defendants placed these calls using an automatic telephone dialing system.

80.    In an effort to sell auto warranties, vehicle service contracts, home security systems and the like, Defendants have placed or caused to be placed multiple pre-recorded and/or artificial voice calls to Mr. Sweet's cellular phone.

81.    Defendants called Mr. Sweet to solicit sales of Vehicle Service Contracts and/or Auto Warranties for a Chevrolet Equinox, among other things.

82.    Mr. Sweet has never owned a Chevrolet Equinox.

83.    In those calls, Defendants conveyed a pre-recorded and/or artificial voice message in order to promote and sell its product and/or services.

84.    When answering Defendant's calls, Mr. Sweet would hear "dead air," a brief pause, and then a pre-recorded message would play.

85.    After waiting on the line, the calls would sometimes connect to a live operator.

86.    When Mr. Sweet would ask the live operator question, such as their name and/or their location, the operators would often disconnect the call immediately without answering any of the questions or provide false answers.

87.    Mr. Sweet repeatedly told the callers to stop calling him, that he did not have

---

[9] Plaintiff believes he's continued receiving phone calls and anticipates that a request for a supplemental subpoena response to Peerless Network and Verizon Wireless would so establish.

a Chevrolet Equinox and accordingly was not interested in their services.

88.  When Mr. Sweet could not answer the phone, the calls would go to voicemail and Defendants would leave a pre-recorded and/or artificial voice message where also "dead air," a brief pause, could be heard at the beginning.

89.  Defendants conveyed one of two of the following nearly identical, pre-recorded and/or artificial voice messages to Mr. Sweet repeatedly:

Hello, this is Brittany Ray, I'm calling you today in regards to your vehicle, we have sent you final notices concerning your factory warranty, please call me back at your earliest convenience at 1(855) 999-9122, call in today before your vehicle no longer qualifies for coverage at 1(855) 999-9122 and ask for Brittany Ray, thank you.

Hello, this is Sherry, I'm calling you today in regards to your vehicle, we have sent you final notices concerning your factory warranty, please call me back at your earliest convenience at (844) 213-4104, call in today before your vehicle no longer qualifies for coverage at (844) 213-4104 and ask for Sherry.

90.  Defendants have called and left one of those two pre-recorded and/or artificial voice mail messages on Mr. Sweet's cellular phone on or about the following dates: May 5, 2017; July 7, 2017; July 14, 2017; July 18, 2017; and October 3, 2017.[10]

91.  These calls constitute commercial advertising.

---

[10] This is not an all-inclusive list.

92.   Defendants spoofed their phone numbers[11] to local area codes so that on Plaintiffs phone, the calls appeared to originate locally.

93.   Defendants spoofed phone calls appeared as the following phone numbers on Plaintiffs phone, (231) 251-7227 (Leland, MI); (248) 458-4404 (Birmingham, MI); (248) 800-3083 (Oxford, MI); (269) 218-3760 (Galesburg, MI); (313) 209-6656 (Detroit, MI); (517) 210-0349 (Potterville, MI); (586) 210-4296 (New Baltimore, MI); and (947) 888-9583 (Clarkston, MI).[12]

94.   Plaintiff does not have any relationship with Defendants.

95.   Defendant's calls were not for an emergency purpose.

96.   Plaintiff did not consent to any of these calls.

97.   Plaintiff asked Defendants to stop calling.

98.   Defendants continue to place calls to Mr. Sweet using their automatic telephone dialing system.

99.   Defendants continue to convey messages to Mr. Sweet using an artificial voice and/or a prerecorded message.

100.   Defendant's calls were intrusive, disruptive and annoying.

101.   Defendant's conduct has caused Plaintiff to suffer damages.

---

[11] See Docket Numbers 1-7 and 1-8, where other consumers report similar experiences.

[12] This is not an all-inclusive list.

## COUNT I - Telephone Consumer Protection Act of 1991 ("TCPA") and 47 C.F.R. 16.1200 *et seq*. (All Defendants)

102.  Mr. Sweet incorporates the preceding allegations by reference.

103.  The central business mission of Defendants is to solicit consumers to purchase Vehicle Service Contracts and/or Auto Warranties using the United States mail service, telephone, telegram or other instrumentalities of interstate commerce.

104.  At all times material and relevant hereto, Defendants used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

105.  These Defendants have negligently violated the TCPA, 47 U.S.C. § 227 *et seq.*, in relation to Mr. Sweet.

106.  As a result of Defendant's negligent violations of the TCPA, Mr. Sweet may recover statutory damages of $500.00 for each and every violative call.

107.  Alternatively, Defendants have knowingly or willfully violated the TCPA in relation to Mr. Sweet.

108.  As a result of Defendants' willful violations of the TCPA, Mr. Sweet may recover statutory damages of up to $1,500 for each and every violative call.

## COUNT II – Michigan Home Solicitation Calls Act ("MHSCA") (All Defendants)

109.  Mr. Sweet incorporates the preceding allegations by reference.

110. Mr. Sweet is a "person" as that term is defined by MHSCA § 445.111(k).

111. Mr. Sweet is a "residential telephone subscriber" as that term is defined by MHSCA § 445.111(l).

112. At all times material and relevant hereto, Defendants and their agents placed telephonic calls to Mr. Sweet to sell him auto warranties, vehicle service contracts, home security systems, and the like, all costing more than $25.00.

113. At all times material and relevant hereto, Defendants and their agents called Mr. Sweet by telephone to solicit him to purchase auto warranties, vehicle service contracts, home security systems, and the like, within the meaning of MHSAC § 445.111(m).

114. Mr. Sweet received telephonic calls for solicitation of services, including auto warranties, vehicle service contracts, home security systems, and the like, costing more than $25.00 from Defendants while he was at his residence.

115. At all times material and relevant hereto, Defendants and their agents' communications to Mr. Sweet qualify as "home solicitation sales" as that term is defined by MHSCA § 445.111(a).

116. At all times material and relevant hereto, Defendants and their agents are "telephone solicitors" as that term is defined by MHSCA § 445.111(n) and used automated dialing and announcing devices as those terms are defined by MHSCA § 445.111(g).

117.   At all times material and relevant hereto, Defendants and/or their agents made telephonic solicitation calls to Mr. Sweet using in whole or in part a recorded message in violation of MHSCA § 445.111 Sec.1a (1).

118.   At all times material and relevant hereto, Defendants made telephonic home solicitation calls to Mr. Sweet whereby the person and/or agent calling failed to state the full name of the organization or other person on whose behalf the call was initiated in violation of MHSCA § 445.111 Sec.1b (1).

119.   At all times material and relevant hereto, Defendants and/or their agents made telephonic home solicitation calls to Mr. Sweet whereby the callers intentionally blocked or otherwise interfered with the caller ID function on Mr. Sweets phone in violation of MHSCA § 445.111 Sec.1b (3).

120.   At all times material and relevant hereto, Defendants failed to comply with the requirements of MHSCA § 445.111 Sections 1(a) and 1(b) in violation of MHSCA § 445.111 Sec. 1c(f).

121.   Defendants knowingly or willfully violated the MHSCA in relation to Mr. Sweet.

122.   As a result of Defendants willful violations of the MHSCA, Mr. Sweet may recover statutory damages of up to $250.00 for the violation of the statute and reasonable attorney fees.

**<u>Demand for Jury Trial</u>**

123.   Mr. Sweet requests a trial by jury of all claims that can be so tried.

## **Demand for Judgment for Relief**

124.   *Accordingly, Mr. Sweet requests that the Court grant:*

  a.   *An award of actual and statutory damages;*

  b.   *Attorney fees;*

  c.   *An injunction requiring Defendants to cease all unsolicited phone calls, and otherwise protect the interests of Mr. Sweet;*

  d.   *Treble damages; and*

  e.   *Any other relief deemed proper by this Court.*


Respectfully Submitted,


By: s/ Sylvia S. Bolos
Sylvia S. Bolos (P78715)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney for Frank Sweet
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
sylviab@michiganconsumerlaw.com

Dated: March 21, 2019

## <u>Certificate of Service</u>

I certify that on March 21, 2019, I will electronically file the foregoing paper with the Clerk of the Court using the ECF system that will provide notice to all counsel of record. And I will cause to be mailed the foregoing paper and Docket 21 to the served Parties and via the Manner identified below:

| Party | Manner |
|---|---|
| Charles T. Butler<br>8786 Vinmar Avenue<br>Rancho Cucamonga, CA 91730 | US First Class Mail |
| Ruben Gutierrez<br>1133 South Nantes Avenue<br>Hacienda Heights, CA 91745 | US First Class Mail |
| Empire Auto Solutions, LLC<br>C/O Ruben Gutierrez<br>1133 South Nantes Avenue<br>Hacienda Heights, CA 91745 | US First Class Mail |

Respectfully Submitted,

By: s/ Sylvia S. Bolos
Sylvia S. Bolos (P78715)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney for Frank Sweet
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
sylviab@michiganconsumerlaw.com

Dated: March 21, 2019