UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

FRANK SWEET,

    Plaintiff,

 -vs-

EMPIRE AUTO SOLUTIONS, LLC, *et. al.*,

    Defendants.

Case No. 2: 17-CV-13699-RHC-APP
Hon. Robert H. Cleland
Magistrate Judge: Anthony P. Patti

## ORDER ENTERING DEFAULT JUDGMENT AND AWARDING DAMAGES AGAINST EMPIRE AUTO SOLUTIONS, LLC, ORIGIN WARRANTY, LLC, VANESSA GUTIERREZ, JAMES SILVA GUTIERREZ, RUBEN GUTIERREZ, AND CHARLES T. BUTLER

This matter comes before the Court on Plaintiff's Motion for Default Judgment and Damages pursuant to Rule 55(b)(2) for the failure of (1) Empire Auto Solutions, LLC, (2) Origin Warranty, LLC, (3) Vanessa Gutierrez, (4) James Silva Gutierrez, (5) Ruben Gutierrez, and (6) Charles T. Butler to answer or otherwise respond to the Complaint. Having reviewed the Motion and conducted a hearing, of which neither the aforementioned Defendants nor any Counsel appeared, and for the reasons discussed below, Plaintiff's Motion for Default Judgment and Damages is GRANTED.

1

## 1. BACKGROUND

Plaintiff seeks to collect damages arising out of Defendants' alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and Defendants' alleged violations of the Michigan Home Solicitation Sales Act ("MHSSA"), M.C.L. § 445.111.

Plaintiff filed a Complaint regarding this matter on November 14, 2017 [Docket No. 1]. Plaintiff then filed a First Amended Complaint regarding this matter on March 21, 2019 [Docket No. 23]. Plaintiff has provided proof of service for all Defendants [Docket No. 4, filed December 15, 2017, Docket Nos. 7-8, filed December 27, 2017, Docket Nos. 25-26, filed April 10, 2019, and Docket No. 27, filed April 16, 2019]. Having received no responsive pleading from Defendants, Plaintiff requested that the Clerk enter Default against Defendants [Docket No. 5, December 27, 2017, Docket No. 9, January 13, 2018, Docket Nos. 28-30, May 10, 2019]. The Clerk entered Default against Defendants pursuant to Fed. R. Civ. P. 55(a) [Docket No. 6, December 27, 2017, Docket Nos. 10-11, January 16, 2018, Docket Nos. 31-33, May 10, 2019].

## 2. ANALYSIS

An Entry of Default under Fed. R. Civ. P. 55 is the first procedural step

necessary to obtain a default judgment. *Shepard Claims Serv. Inv. v. Williams Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The party must then apply to the Court for entry of the default judgment. Fed. R. Civ. P. 55(b)(2). The Court may conduct an accounting, determine the amount of damages, establish the truth of any allegations by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

On July 24, 2019, the Court held a hearing to determine the basis and support for entry of Default Judgment and damages.  Fed. R. Civ. P. 55(b)(2).  The Court finds that Plaintiff has established that these Defendants called Plaintiff 32 times in violation of the TCPA. Further, the Court finds that Defendants willfully violated the TCPA by (1) calling Plaintiff without consent, (2) despite Plaintiff's phone number being registered with the National Do Not Call Registry since 2004, and (3) even after Plaintiff told them to stop calling him.  And lastly the Court finds that Plaintiff has established that these Defendants called him even when he was at home to solicit a sale of a vehicle warranty or vehicle service contract in excess of $25.00 in violation of the MHSSA.

### 3. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that a default judgment is entered against (1) Empire Auto Solutions, LLC, (2) Origin Warranty, LLC, (3) Vanessa Gutierrez, (4) James Silva Gutierrez, (5) Ruben Gutierrez, and (6) Charles T. Butler (collectively, "Defendants").

IT IS FURTHER ORDERED that a damage award of $48,000.00 in favor of Plaintiff for Defendant's 32 willful violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, is entered against Defendants, jointly and severally.

IT IS FURTHER ORDERED that a damage award of $250.00, plus attorney's fees to be decided by the Court, in favor of Plaintiff for Defendant's violations of the Michigan Home Solicitation Sales Act ("MHSSA"), M.C.L. § 445.111, is entered against Defendants, jointly and severally.

Plaintiff's Counsel shall submit their petition for fees and bill of costs within 28 days of entry of this Order.

Dated: July 25, 2019

                                        s/ Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT COURT JUDGE